UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| SKS CONSTRUCTION, INC. | ) | Case No. 21-31862-KLP |
| | ) | |
| Debtor | ) | Chapter 11 |
| ------------------------------------------------- | ) | ------------------------------------------------ |
| | ) | |
| SKS CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Adversary Proceeding |
| | ) | |
| GARDNER STATION, LLC | ) | No. 21-03097-KLP |
| [by SH Partners, LLC its indemnitor] | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSTION
TO MOTION FOR SUMMARY JUDGMENT**

Gardner Station, LLC, by SH Partners, LLC, its indemnitor, in opposition to the

Plaintiff's Motion for Summary Judgment, respectfully represents

The Applicable Standard

Under Fed. R. Civ. P. 56, incorporated here by Fed. R. Bankr. P. 7056, "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Because the record shows the

existence of numerous material facts genuinely in dispute, the Court should deny the motion and

W. R. Baldwin, III (VSB #16988)
Meyer Baldwin Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Email: billbaldwin@meyerbaldwin.com
ECF: billbaldwin@comcast.net
Counsel for the Defendant

1

conduct a full trial to determine the meris of the case.

I. The Statue of Limitations has Expired

The Defendant has pleaded the expiration of the statute of limitations. The Plaintiff says "Exactly when and how the Plaintiff's right(s) of action 'accrued' is debatable given the oral nature of the contract at issue," (Memorandum for Summary Judgment ("MSJ") at 8, but then move directly to the contention that proceeds that as project manger Chris Hornung had he authority to make a deal to waive the statute of limitations, or promise to make payment any way.

On the first point, "exactly when the Plaintiff's right of action accrued is not debatable. Neither the complaint nor the MSJ makes any allegation about the time any payment to SKS came due, and Virginia law fills this gap when a payment demand is made but the contract has no term establishing due date. In Virginia:

> In *Young v. Ellis*, 91 Va. 297, 301, 21 S.E. 480, it is said: "An agreement to pay money, no time being specified, is held to be an agreement to pay the same on demand * * while an agreement to do something other than to pay money, no time being expressed, means a promise to do it in a reasonable time," and such we understand to be the law of this State.
>
> *McDaniel v. Daves,* 139 Va. 178, 187, 123 S.E. 663 (1924)
>
> An agreement to pay money, no time being specified, is held to be an agreement to pay the same on demand, and an agreement to pay money yearly is an agreement to pay at the end of the year from the date of the agreement; while an agreement to do something other than to pay money, no time being expressed, means a promise to do it in a reasonable time. *Cowan v. Radford Iron Co.*, 83 Va. [547, ]550; *Warren v. Wheeler*, 8 Metcalf 97; *Atwood v. Cobb*, 16 Pick 227; *Ryan v. Hall*, 13 Metcalf 520; *Thompson v. Ketcham*, 8 Johns. 146.
>
> *Young v. Ellis,* 91 Va. 297, 301, 21 S.E. 480, ___ (1895)
>
> Where there is no agreed repayment date of an alleged obligation to repay money, as in this case, it is deemed to be payable on demand. *McComb v. McComb*, 226 Va. 271, 282, 307 S.E.2d 877, 883 (1983). Thus, Kirkwood's claims for the repayment of any transfers made before

> November 26, 1983, are barred by the statute of limitations applicable to
> oral contracts, because those obligations were incurred more than three
> years prior to the time Kirkwood filed this action. Code § 8.01-246(4);
> *see Harbour Gate Owners' Association v. Berg*, 232 Va. 98, 106, 348
> S.E.2d 252, 257 (1986).

With an agreement to pay money on demand the right of action accrues immediately. SKS submitted its fourth and last payment application, but as was its custom did not sign or date its application and so the date the right oft action cannot be known from that alone. But the last lien waiver signed by SKS, after the submission of its undated unsigned final pay app, #4, was on February 9, 2018 as demonstrated by the Final Waiver and Release of Liens, executed and acknowledged by the Plaintiff on February 9, 2018. This document is contained in the second page of the Defendant's Exhibit I and is reproduced on the following page for allowing fuller detail:

FINAL WAIVER AND RELEASE OF LIENS

The undersigned is a general contractor or subcontractor, materialman or other person furnishing services or labor or material in the construction or repair of improvements upon real estate owned by Gardner Station, LLC and described as follows:

_____Gardner Station Day Care Center_____

In consideration of the sum of $94,879.84 to the undersigned in hand paid, receipt whereof is hereby acknowledged, and other benefits accruing, the undersigned does hereby waive, release and quitclaim in favor of the owner or owners of said real estate and in favor of each and every party making a loan on said real estate, as improved and his or its successors and assigns, all right that the undersigned may have to a lien upon the land and improvements above described.

IT IS UNDERSTOOD AND AGREED THAT THIS WAIVER AND RELEASE IS FOR ALL SERVICES RENDERED, WORK DONE AND MATERIAL FURNISHED PRIOR TO THE DATE HEREOF and is for all such services rendered, work done and material furnished and not only for the particular item indicated below.

Witness the following signature and seal this 9 day of February, 2018.

Firm: SKS Construction, Inc.

By: _____

Invoice No. Sub Checks   Title: _____

Amount $ 94,879.84   Social Security #: _____

P.O. No. _____   Or Fed. Tax ID#: _____

(Services, labor or material Furnished)

Subscribed and sworn to before the undersigned, a Notary Public for the City of Fredericksburg, State of Virginia, in said City, this 9 day of February, 2018.

Billie B. Dove
Notary Public

My Commission expires: February 28, 2019

*was commissioned as Notary Public as Billie B. Davis*

[Notary Seal: BILLIE B. DAVIS, NOTARY PUBLIC, MY COMMISSION NUMBER 200891, COMMONWEALTH OF VIRGINIA]

4

Surely the right of action cannot have accrued later than the date SKS gave its final waiver and release of liens. Adding three years, the acknowledged statue of limitations for both oral contracts and quasi contract/quantum meruit claims, means the last day of the third year after the right of action accrued was February 8, 2021, the date of the expiration of the statue of limitations, which is turn came four months *before* SKS filed is Chapter 11 case on June 9, 2021.

The statute of limitations has expired and SKS has lost its right of action. With deference, Gardner Station submits this alone suffices to mandate denial of the Plaintiff's motion for summary judgment.

To this point SKS will reference the waiver/reaffirmation argument from Chris Hornung's July 12, 2018 email to Wendy and Steve Zuchowski, copied to Jud Honaker of the Silver Companies and included in their memorandum for summary judgment, with yellow highlighting added as follows:

> From: Chris Hornung [mailto:chornung@silverco.com]
> Sent: Thursday, July 12, 2018 8:48 AM
> To: Wendy Zuchowski
> Cc: Steve Zuchowski; Jud Honaker
> Subject: RE: SKS Construction, Inc- Gardner
>
> Wendy & Steve,
>
> Larry and Jud have agreed to refund all monies that went to pay for the land out of the Daycare transaction. The land paydown was originally $388,000 and was reduced to $201,000 when they advanced $187,000 back in February. We have approximately $70,000 in other expenses that need to be paid (delay damages to daycare), leaving around $130,000 that can be paid to SKS and its subcontractors. ==We'll need SKS to carry the balance until the next sale per our previous discussion==.
>
> Let me know when you have time to come in to talk with Jud and me about this and .
>
> Chris Hornung, P.E.
> Vice President
> Planning & Engineering
> Silver Companies
> chornung@silverco.com
> office (540) 785-3378
> mobile (540) 273-7498
>
> From: Wendy Zuchowski [mailto:wendyz@sksconstruction.net]
> Sent: Wednesday, July 11, 2018 10:40 AM
> To: Chris Hornung <chornung@silverco.com>
> Cc: Steve Zuchowski <stevez@sksconstruction.net>
> Subject: SKS Construction, Inc- Gardner
>
> Chris,
> Any updates?
>
> *Wendy Zuchowski*
> *SKS Construction, Inc.*
> *Director of Administration*

Mr. Hornung was alleged to be the project manger for the project, but there is no allegation that Mr. Hornung held full authority to act for the Defendant in this matter such that his alleged action could be projected to the Defendant. Mr. Honaker's interrogatory answer, Exhibit A to this memo (not, incidentally, included by the Plaintiff in is papers) indicates that Mr. Zuchowsky went to Mr. Honaker to ask that SKS be hired for the project. Steve Jones, VP for sales and leasing for the Silver companies, in his statement (attached as an Exhibit to the memorandum makes it clear that Mr. Honaker, not a more junior person such as Mr. Hornung, held the authority and to make any deal in this area and, significantly, Mr. Zuchowsky did not make any stamen (nor did his counsel) asserting that "project manager" status carried the full power and authority to make this deal.

Additionally, the language employed by the email does not equate to promises, by writing signed by him or his agent, payment of money on such contract to SKS. The actual language is "$130,000.00 that can be paid to SKS *and* its subcontractors." Recall that under Virginia law the contractor is not entitled to keep any money from a construction payment until the subcontractors and suppliers of the contractor have been paid. Va. Code § 43-13 ("Funds paid to general contractor or subcontractor must be used to pay persons performing labor or furnishing material"). So a payment to SKS and its subcontractors would be nothing other than a traditional two party construction check, and not a payment to SKS. Then, there is the language that "we'll need SKS to carry the balance until the next sale per our prior discussion." There is no statement her of the terms of the "prior discussion, only that there was one. Without an allegation of what was discussed or agreed or proposed at the "prior discussion there is no basis to assert an enforceable agreement for purposes of Va. Code § 8.01-229(G).

6

With deference, there is no basis at this time on this record to find that Mr. Hornung's email justifies granting summary judgment in the teeth of a strong case that the statue had lapsed.

## II. Matters Relating to Recoupments, Set off and the Confirmed Chapter 11 plan are irrelevant

The Defendant did plead recoupment and offset, but as the facts of this case demonstrate, none of these actually come into play. Simply stated, SKS defaulted on its contract by failing to meet construction deadlines and by failing to complete its duties in a proper manner. The matter was disposed of in 2018 when the project was closed out by paying sums from the escrow account to the persons injured by SKS's failure to perform its duties as reflected in the Defendant's trial exhibits. SKS was not paid because it failed to perform on its contracts and this failure led to its not receiving the $145,000 it now seeks. There is a the least a genuine dispute on this point that requires denying g summary judgment.

Respectfully,

Garnder Station, LLC

By:   /s/ W.R. Baldwin III

Meyer Baldwin Long & Moore, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Email: billbaldwin@meyerbaldwin.com
ECF: billbaldwin@comcast.net
Counsel for the Defendant

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served by Electronic Filing on April 13, 2022on party participants in the ECF system in effect herein, to include:

David K. Spiro, Esq.
David G. Browne, Esq. Spiro & Browne, PLC
2400 Old Brick Road
Glen Allen, Virginia 23060
Telephone: (804) 573-9220
Facsimile: (804) 836-1855
E-mail: dbrowne@sblawva.com


/s/ W. R. Baldwin, III

I. Expiration of the Passage of the Statute of Limitations

The Plaintiff pleads the existence of a